UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN HARRISON                                              CIVIL ACTION

VERSUS                                                     NUMBER: 18-3829

STATE OF LOUISIANA                                         SECTION: "B"(5)

## REPORT AND RECOMMENDATION

The above-captioned matter previously came before the Court pursuant to Local Rule 72.1(B)(1) for a determination of pauper status under 28 U.S.C. §1915. (Rec. docs. 2, 3). The pertinent portions of the latter statute direct a court to dismiss a case at any time it is determined that the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B). For the reasons that follow, it is recommended that this matter be dismissed as frivolous, malicious, and/or for failing to state a claim upon which relief can be granted.

John Harrison, Plaintiff/Petitioner herein, is an inmate of the Louisiana State Penitentiary in Angola, Louisiana, who is serving a sentence of life imprisonment following his October 5, 1999 conviction for armed robbery and his subsequent adjudication and sentencing as a multiple offender. *See State v. Harrison*, 782 So.2d 86 (La. App. 4th Cir. 2001). In the self-styled pleading that he submitted in this matter, which is wholly devoid of any discussion of the basis for this Court's jurisdiction, Harrison names as the Defendant(s)/Respondent(s) herein the State of Louisiana and, ostensibly, former Judge Leon A. Cannizzaro, Jr., Public Defender Joseph Meyer, Assistant District Attorneys Norman Comeaux and Jonathan Friedman, and Court Reporters Melinda M. Hebert and Eve S. Kazik, "... all affiliated with Criminal District Court Section 'J,' case 409-642, for the Parish of

Orleans, State of Louisiana." (Rec. doc. 1, p. 1). In this, Harrison's latest attempt at upsetting his valid conviction,[1] he alleges, in a wholly conclusory fashion, that the Defendant(s)/Respondent(s) "… prior to trial, falsified records, manufactured hearings and doing (sic) trial perjury took place" and otherwise acted illegally with respect to his trial, resulting in his present conviction and incarceration. (*Id.*). Harrison then goes on to relate that he previously lodged a judicial-misconduct complaint against former Judge Cannizzaro with the Louisiana Judiciary Commission under No. 00-1875 but that said tribunal has not made a recommendation to the Louisiana Supreme Court regarding any possible action to be taken against the former Judge. (*Id.* at pp. 1-2). Harrison thus petitions the Court to order the Louisiana Judiciary Commission to make a recommendation on his complaint and to forward same to the Louisiana Supreme Court for its consideration. (*Id.* at pp. 2-3). Alternatively, he asks that this Court somehow "take jurisdiction" over the matter.[2] (*Id.* at p. 3).

The first form of relief sought by Harrison sounds in the nature of mandamus, *i.e.*, an order directing the Louisiana Judiciary Commission to act on a matter that is allegedly before

---

[1] Harrison has previously and unsuccessfully challenged his conviction on habeas corpus grounds, *Harrison v. Cain*, No. 02-CV-3527 "J"(4)(E.D. La. Nov. 21, 2003), *cert. of app. denied*, No. 03-31164 (5th Cir. Apr. 27, 2004)(unpublished order), and no less than <u>five</u> subsequent habeas petitions were deemed to be prohibited as successive under 28 U.S.C. §2244. *See* No. 15-CV-6530 "J"(4), No. 13-CV-0816 "J"(4), No. 07-CV-8678 "J"(4), No. 07-CV-5452 "J"(4), and No. 05-CV-6436 "J"(4). He has also unsuccessfully attempted to challenge his conviction under 42 U.S.C. §1983 on a number of occasions, being denied on the most recent attempt the privilege of doing so at government expense based on the "three-strike" provision codified in 28 U.S.C. §1915(g). *See* No. 09-CV-3756 "N"(1), No. 04-CV-1615 "K"(2), and No. 02-CV-2299 "J"(2). Indeed, in the oldest of those three §1983 proceedings, No. 02-CV-2299, Plaintiff sued the same six ostensible Defendants/Respondents that are named herein based on alleged improprieties in his state court criminal proceeding.

[2] Harrison attaches to his complaint a copy of a letter that was sent to him from the Louisiana Judiciary Commission in the summer of 2001 advising him that the complaint under No. 00-1875 had been closed as allowed by Rule XXIII, Section 3(c) of the Rules of the Louisiana Supreme Court. (Rec. doc. 1, p. 6). The Court notes that a petition for writ of certiorari that Harrison subsequently filed with respect to the judicial misconduct complaint (rec. doc. 1, p. 4) was denied by the Louisiana Supreme Court on September 15, 2017. *In re: Judiciary Commission No. 00-1875*, 225 So.3d 459 (La. 2017).

it.  To the extent that Harrison's request in that regard is not moot, *see* note 2, *supra*, as he should be abundantly aware from the three mandamus petitions that he has previously filed here,³/ federal courts lack the general power to issue writs of mandamus to direct state courts, state entities, and state judges and judicial officials in the performance of their duties. *McGrew v. Dufrense*, No. 09-CV-6515, 2011 WL 765812 at *6-7 (E.D. La. Jan. 28, 2011), *adopted*, 2011 WL 766074 (E.D. La. Feb. 24, 2011), *appeal dis'd*, No. 11-30290 (5th Cir. June 2, 2011)(unpublished order), *cert. denied*, 565 U.S. 1015, 132 S.Ct. 552 (2011)(mandamus to Louisiana Judiciary Commission).  To the extent that this matter can be construed as a action under 42 U.S.C. §1983 against the six ostensible Defendants, it is duplicative of *Harrison v. Hebert, et al.*, No. 02-CV-2299 "J"(2) and is thus subject to being dismissed as malicious under §1915(e)(2)(B).  *Pittman v. Moore*, 980 F.2d 994 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.), *cert. denied*, 493 U.S. 969, 110 S.Ct. 417 (1989); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  Finally, it would be wholly inappropriate to construe this matter as a request for habeas corpus relief because Harrison has not obtained authorization from the Fifth Circuit to file a successive habeas petition as required by 28 U.S.C. §2244(b)(3). *Luna v. Judge of the Louisiana Fifth Circuit Court of Appeals*, No. 10-CV-3641, 2010 WL 4812988 at *2 (E.D. La. Oct. 26, 2010), *adopted*, 2010 WL 4812982 (E.D. La. Nov. 18, 2010).⁴/

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that this matter be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B).

---

³/ *See* No. 06-CV-3287 "B"(2), No. 05-CV-0039 "J"(2), and No. 02-CV-2705 "B"(1).
⁴/ The Court notes that in passing upon Harrison's most recent motion for authorization to file a successive habeas application, the Fifth Circuit issued a stern sanction warning in light of his numerous prior motions seeking such authorization.  *In re: Harrison*, No. 16-30030 (5th Cir. Mar. 16, 2016)(unpublished order).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[5/]

New Orleans, Louisiana, this 23rd day of April, 2018.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[5/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

4